FILED BY MB D.C.
SEP 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-14048-DMM(s)**
**18 U.S.C. § 1343**
**18 U.S.C. § 1957**
**18 U.S.C. § 1001**
**18 U.S.C. § 1503**
**18 U.S.C. § 981(a)(1)(C)**
**18 U.S.C. § 982(a)(1)**

**UNITED STATES OF AMERICA**

**vs.**

**KATHERINE MARY WAGNER,**

**Defendant.**
__________________________________/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Superseding Indictment:

1. The United States Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. In March of 2021, Congress passed the American Rescue Plan Act ("ARPA" or "Act") as a part of the federal government's effort to provide relief to individuals and businesses impacted by COVID-19-related shutdowns. The Act allocated $28.6 billion for a Restaurant Revitalization Fund ("RRF" or "Fund") to be administered by the SBA to grant relief

to eligible restaurants. The Act required applicants to certify that, among other things, "the uncertainty of current economic conditions makes necessary the grant request to support the ongoing operations of the eligible entity."

3. RRF applications were submitted directly to, and processed by, the SBA. Applications could be submitted electronically, and such electronic applications were routed through servers located outside the State of Florida.

4. Defendant, **KATHERINE MARY WAGNER**, resided in the Southern District of Florida and was the sole member (owner) of Crazy Cowgirl, LLC, a Florida limited liability company, with its principal place of business listed as 2227 14th Avenue, Vero Beach, Florida.

5. In early 2021, **KATHERINE MARY WAGNER** operated a restaurant, Blue Star Wine Bar, a/k/a "Blue Star," a/k/a "Blue Star Brasserie," in Indian River County, in the Southern District of Florida, by and through Crazy Cowgirl, LLC.

6. Marine Bank & Trust (MBT) was a financial institution with branches in the Southern District of Florida, and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation.

7. In 2021, **KATHERINE MARY WAGNER** maintained a business checking account (ending in 9801), in the name of Crazy Cowgirl LLC, d/b/a "Blue Star Wine Bar," and a personal checking account (ending in 7101), at MBT. **WAGNER** had control over the MBT accounts ending in 9801 and 7101.

8. In June 2021, **KATHERINE MARY WAGNER** opened a personal checking account (ending in 1716) at Space Coast Credit Union (SCCU), a credit union with branches located in the Southern District of Florida, and elsewhere, whose assets were insured by the National Credit Union Association.

9. In 2021, **KATHERINE MARY WAGNER** also controlled a JPMorgan Chase business checking account (ending in 3567) in the name of Kitty Cuisine, Inc. JPMorgan Chase is a financial institution with branches in the Southern District of Florida, and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation.

## COUNT 1
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2021, and continuing through in or around November 2023, in Indian River County, in the Southern District of Florida, and elsewhere, the defendant,

**KATHERINE MARY WAGNER,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

3. The purpose of the scheme and artifice was for **KATHERINE MARY WAGNER** to unlawfully enrich herself by submitting a false and fraudulent RRF application to obtain grant money from the federal government for her own use and benefit, and to conceal her fraudulent scheme and retain the illicit grant proceeds obtained through her fraudulent grant scheme.

**Manner and Means**

The manner and means by which **KATHERINE MARY WAGNER** sought to accomplish the purpose of the scheme and artifice included, but was not limited to, the following:

4. On or about May 3, 2021, **KATHERINE MARY WAGNER** submitted to the SBA, via interstate wire communications, an application on behalf of Crazy Cowgirl, LLC, requesting an RRF grant in the amount of $424,062.00 (the "RRF Application"). The purpose of the grant, as stated in the RRF Application, was to sustain operations of **WAGNER's** restaurant, the Blue Star Wine Bar, which had purportedly been impacted by COVID 19.

5. **KATHERINE MARY WAGNER** certified that all information provided in the RRF Application was true and accurate in all material respects. The RRF Application contained the following certification: "Current economic uncertainty makes this funding request necessary to support the ongoing or anticipated operations of the Applicant." At the time **WAGNER** made this materially false and fraudulent certification, she knew then and there that it was untrue, as she intended to close the Blue Star Wine Bar.

6. As a result of the submission of the false and fraudulent RRF Application, the SBA approved the grant to Crazy Cowgirl, LLC and sent via interstate wire $424,062.00 in grant proceeds to the Crazy Cowgirl, LLC's MBT business account (ending in 9801) – an account controlled by **KATHERINE MARY WAGNER. WAGNER** received these grant proceeds on or about May 24, 2021.

7. Shortly after receiving the grant funds, **KATHERINE MARY WAGNER** ceased operations at the Blue Star Wine Bar and closed the business.

8. On or about November 7, 2023, **KATHERINE MARY WAGNER** submitted, and caused to be submitted, to the SBA a Post Award Report to conceal her actual use of the SBA

grant funds and to justify her retention of the illicit grant funds. This report contained a certification that all grant funds had been spent on "eligible categories for the period beginning on February 15, 2020 and ending on March 11, 2023." At the time **WAGNER** made this materially false and fraudulent certification, she knew then and there that the certification was untrue, as she had used the funds for non-qualifying expenditures like residential real estate and a car, among others.

**CHARGED WIRE**

9. On or about the date specified below, in Indian River County, in the Southern District of Florida, and elsewhere, the defendant,

**KATHERINE MARY WAGNER,**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Approx. Date | Description of Wire |
|---|---|---|
| 1 | November 7, 2023 | Post Award Report submitted electronically from the Southern District of Florida to SBA, using servers located outside of the State of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 2-8**
**Money Laundering**
**(18 U.S.C. § 1957)**

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below, in Indian River County, in the Southern District of Florida, and elsewhere, the defendant,

**KATHERINE MARY WAGNER,**

did knowingly engage and attempt to engage in monetary transactions affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the monetary transaction represented the proceeds of some form of unlawful activity, as more specifically described in each count below:

| Count | Approx. Date | Monetary Transaction |
|---|---|---|
| 2 | July 2, 2021 | Transfer of $30,000 via check drawn on MBT business account (ending in 9801) and deposited into JPMorgan Chase account (ending in 3567). |
| 3 | July 2, 2021 | Transfer of $200,000 via check drawn on MBT business account (ending in 9801) and deposited into **KATHERINE MARY WAGNER**'s personal SCCU account (ending in 1716). |
| 4 | July 7, 2021 | Electronic transfer of $50,000 from **KATHERINE MARY WAGNER's** personal MBT account (ending in 7101) to the MBT business account (ending in 9801). |
| 5 | July 8, 2021 | Wire transfer of $38,599.54 from MBT business account (ending in 9801) to a JPMorgan Chase account of Vroom, a business engaged in vehicle sales, for the purchase of **KATHERINE MARY WAGNER**'s personal vehicle. |
| 6 | July 22, 2021 | Transfer of $124,500 via check drawn on **KATHERINE MARY WAGNER**'s personal MBT account (ending in 7101) and deposited into **WAGNER**'s personal SCCU account (ending in 1716). |
| 7 | July 29, 2021 | Transfer of $31,330.91 via check drawn on JPMorgan Chase account (ending in 3567) and deposited into **KATHERINE MARY WAGNER**'s personal SCCU account (ending in 1716). |

| | | |
|---|---|---|
| 8 | August 10, 2021 | Wire transfer of $348,179.02 from **KATHERINE MARY WAGNER**'s personal SCCU account (ending in 1716) to a BankUnited account of a title company, for **WAGNER**'s personal real estate transaction. |

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

**COUNT 9**
**False Statement to a Federal Agency**
**(18 U.S.C. § 1001)**

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about November 7, 2023, in Indian River County, in the Southern District of Florida, and elsewhere, in a matter within the jurisdiction of the SBA, an agency of the executive branch of the Government of the United States, the defendant,

**KATHERINE MARY WAGNER,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation as to a material fact, in that she represented on a Post Award Report that between February 15, 2020 and March 11, 2023:

a. Crazy Cowgirl, LLC had spent $14,981.00 on business utility payments, when, in truth and in fact, as the defendant then and there well knew, Crazy Cowgirl, LLC had not spent $14,981.00 on business utility payments;

b. Crazy Cowgirl, LLC had spent $37,916.00 on business maintenance expenses, when, in truth and in fact, as the defendant then and there well knew, Crazy Cowgirl, LLC had not spent $37,916.00 on business maintenance expenses;

c. Crazy Cowgirl, LLC had spent $15,033.00 on business supplies, when, in truth and in fact, as the defendant then and there well knew, Crazy Cowgirl, LLC had not spent $15,033.00 on business supplies; and

d. Crazy Cowgirl, LLC had spent $160,378.00 on business food and beverage expenses, when, in truth and in fact, as the defendant then and there well knew, Crazy Cowgirl, LLC had not spent $160,378.00 on business food and beverage expenses.

In violation of Title 18, United States Code, Sections 1001 and 2.

**COUNT 10**
**Obstruction of the Due Administration of Justice**
**(18 U.S.C. § 1503)**

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about June 18, 2026, in Indian River County, in the Southern District of Florida, and elsewhere, the defendant,

**KATHERINE MARY WAGNER,**

did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede the due administration of justice, that is, in a federal grand jury proceeding in the Southern District of Florida, by instructing Witness 1, who had been subpoenaed to testify before the grand jury, to refrain from providing additional information to the grand jury outside of what was asked, and by discouraging Witness 1 from cooperating with the grand jury investigation, in violation of Title 18, United States Code, Section 1503.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **KATHERINE MARY WAGNER,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in Count 1 of this Superseding Indictment, and/or Title 18, United States Code, Section 1503, as alleged in Count 10 of this Superseding Indictment, the defendant, **KATHERINE MARY WAGNER**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(l)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in Counts 2-8 of this Superseding Indictment, the defendant, **KATHERINE MARY WAGNER**, shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(l).

4. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

a. Real property located at 7895 14th Lane, Vero Beach, Florida 32966;

b. A sum of money equal in value to the total amount of funds involved in or derived from the alleged offenses, which may be sought as a forfeiture money judgment.

5. If the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(l)(C) and 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(l) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

SEAN M. LEWIS
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.** 26-CR-14048- DMM(s)

**v.**

KATHERINE MARY WAGNER,

_______________________________/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants ______
Total Number of New Counts 2

**Court Division** (select one)
☐ Miami ☐ Key West ☒ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ______________________
4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| **(Check only one)** | **(Check only one)** |
|---|---|
| I ☒ 0 to 5 days | ☐ Petty |
| II ☐ 6 to 10 days | ☐ Minor |
| III ☐ 11 to 20 days | ☐ Misdemeanor |
| IV ☐ 21 to 60 days | ☒ Felony |
| V ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Donald M. Middlebrooks Case No. 26-CR-14048-Middlebrooks/Galler
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ______________ Magistrate Case No. ______________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ______________ Case No. ______________
9. Defendant(s) in federal custody as of ______________
10. Defendant(s) in state custody as of ______________
11. Rule 20 from the ________ District of ______________
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

By: ______________________
SEAN M. LEWIS
Assistant United States Attorney
SDFL Court ID No. A5503526

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: KATHERINE MARY WAGNER

**Case No**: 26-CR-14048-DMM(s)

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or not more than twice the gross gain or twice the gross loss, whichever is greater | $100 Special Assessment

---

Counts #: 2-8

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or not more than twice the amount of the criminally derived property involved in the transaction, whichever is greater | $100 Special Assessment

---

Count #: 9

False Statement to a Federal Agency

Title 18, United States Code, Section 1001
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 | $100 Special Assessment

---

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: KATHERINE MARY WAGNER

**Case No**: 26-CR-14048-DMM(s)

Count #: 10

Obstruction of Justice

Title 18, United States Code, Section 1503
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 | $100 Special Assessment

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**